<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENARD MELVIN,<br><br>              Plaintiff,<br><br>      v.<br><br>COSTCO WHOLESALE CORPORATION,<br>*et al.*,<br><br>              Defendants. | Case No. 2:21-cv-13934 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Renard Melvin's ("Melvin") Motion to Remand. (ECF No. 3.) Defendant Costco Wholesale Corporation ("Costco") opposes the motion. (ECF No. 4.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Melvin's Motion to Remand is **GRANTED**.

**I.      BACKGROUND**

Melvin filed a Complaint on January 29, 2021, in the Superior Court of New Jersey, against his employer, Costco, alleging Costco failed to provide a reasonable accommodation for his alleged disability and, as a result, Melvin was unable to work between July 9, 2020 and September 14, 2020. (Notice of Removal (ECF No. 1) ¶¶ 1, 3, 4.) No dollar amount was alleged in Melvin's initial Complaint. (*Id.* ¶ 5.)

After filing the answer and engaging in limited discovery, on June 17, 2021, approximately 173 days after Melvin initiated his action in the state court, Costco served Melvin with a Request for Admissions ("RFA"). (*Id.* ¶ 9.) The RFA included the following request: "Admit that the

amount in controversy in this action . . . is less than $75.000." (*Id.*) On June 21, 2021, Melvin responded with the request: "It is impossible for Plaintiff to either admit or deny." (*Id.* ¶ 11.) Based on Melvin's response, on the same day, Costco removed the case to this Court. (*Id.* ¶ 13.) On August 17, 2021, Melvin moved to remand to the Superior Court of New Jersey. (ECF No. 3.) On September 7, 2021, Costco filed its opposition to the motion. (ECF No. 4.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal

statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

### III.   DECISION

Melvin argues Costco's Notice of Removal was untimely filed. (ECF No. 3 at 5). Costco counters that the thirty-day window for removal was not triggered until Costco received Melvin's non-responsive answer to the RFA regarding the amount in controversy being less than $75,000 (ECF No. 4 at 7).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must typically be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). The statute provides, however,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Therefore, to determine whether Costco's removal was timely, the Court must undertake a two-step analysis. First, the Court must analyze whether the case stated in the initial pleading was removable. Second, if the initial pleadings did not provide a sufficient basis for removal, the Court must determine when Costco first received an amended pleading, motion, order, or other paper from which it could reasonably conclude that the case was removable. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

Under the first step of the analysis, the Court finds the case stated in the initial pleading was not removable, which Costco does not dispute. (ECF No. 4 at 6.) Indeed, Costco admits the

amount in controversy is not apparent from the Complaint (*id.* at 6), and the Court agrees.[1] Further, Costco offered a detailed calculation showing Melvin's alleged economic damages are $3,720, less than 5% of the $75,000 jurisdictional threshold. (ECF No. 1 ¶ 4.) Costco's analysis and Melvin's Complaint show the Court does not have "subject-matter jurisdiction had the case been originally filed before it." *A.S. v. Smithkline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). Consequently, the Court is without original jurisdiction under 28 U.S.C. § 1332, and the case stated in the initial pleading was not removable.

Therefore, the only issue before the Court is under the second step of the analysis—whether a mere response to the RFA refusing to "admit or deny" the amount in controversy might be more than $75,000 is sufficient to give notice of damages and trigger the thirty-day removal period. (ECF No. 1 at 4; ECF No. 4 at 6-7.) The Court finds this time period was not triggered under 28 U.S.C. § 1446(b)(3), and Melvin's Motion to Remand is granted.

To the extent Costco alleges Melvin has strategically limited its claim to avoid federal jurisdiction (ECF No. 4 at 9), Costco, as the removing party, has the burden to demonstrate subject matter jurisdiction and show the amount in controversy exceeds the statutory threshold by a preponderance of the evidence. *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) (holding the "preponderance of the evidence" standard is necessary in a motion for remand when

---

[1] Costco mentions Melvin's alleged multiple settlement requests. (ECF No. 4 at 4-7) Melvin also argue his pre-suit settlement demand should be given some weight in deciding this motion. (ECF No. 3 at 1). The Court will not give weight to any parties' alleged settlement discussion in determining the Court's subject matter jurisdiction. *See Scott v. Dollar Tree Stores, Inc.*, Civ. A. No. 17-9168, 2017 WL 6447872, at *7 (D.N.J. Dec. 18, 2017) (holding "settlement demand is not the proper amount for the court to consider when determining the amount in controversy for jurisdictional purposes"); *see also Dugan v. Acme Mkts., Inc.*, Civ. A. No. 15-5267, 2016 WL 266350, at *2 (D.N.J. Jan. 21, 2016) (denying a motion to remand in an action to recover damages for injuries suffered in a car accident, and holding that the plaintiff's $60,000 settlement demand was not the proper amount to consider in determining the amount in controversy).

the amount in controversy is in dispute); *see also McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 289 (3d Cir. 2006) (same).

In *Martin v. Wal-Mart Stores, Inc.*, the court found when a complaint is "silent or ambiguous as to the jurisdictional amount," a mere "refusal to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000" "falls far short of establishing by a preponderance the Court's subject-matter jurisdiction." 709 F. Supp. 2d 345, 349–50 (D.N.J. 2010). The court refused to "make a finding of its subject-matter jurisdiction upon the mere whim of Plaintiff's counsel to resist signing a stipulation." *Id.* at 349. Therefore, the matter was remanded to state court. *Id.* at 350.

Costco's only evidence against Melvin's request for remand is Melvin's refusal to concede the amount in controversy exceeds $75,000 in response to Costco's RFAs. Unlike in *Martin*, where the complaint was "silent or ambiguous as to the jurisdictional amount," Costco concedes Melvin's Complaint did not give notice to Costco the amount in controversy could exceed the minimum amount required to establish diversity jurisdiction. (ECF No. 4 at 6, 9.) Therefore, Costco has a heavy burden to not only disapprove Costco's own seemingly comprehensive assessment of Melvin's Complaint that the amount in controversy is less than $75,000 but also has to offer a preponderance of evidence to show the jurisdictional amount in Melvin's claim is more than $75,000. *Compare Gable v. Target Corp.*, Civ. A. No. 15-1350, 2015 WL 790548, at *2 (D.N.J. Feb. 24, 2015) ("Here, the amount in controversy is speculative at best, given [the p]laintiff's unspecified injuries and losses. The vague 'injuries' in the [c]omplaint coupled with a refusal to stipulate does not suffice to prove that this court has jurisdiction."), *with Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016) (denying a motion to remand when the defendants' "objective and factually-grounded estimates," including a detailed damages affidavit, "easily"

established the requisite amount in controversy by a preponderance of the evidence). A mere refusal to concede the amount in controversy is more than $75,000 does not give the Court subject matter jurisdiction over the case, especially under the policy of rigorously construing 28 U.S.C. § 1441 against removal. *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (holding that all doubts regarding removal must be resolved in favor of remand). Accordingly, because Costco failed to demonstrate subject matter jurisdiction, Melvin's motion to remand is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Melvin's Motion to Remand (ECF No. 3) is **GRANTED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  January 3, 2022